UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **KENNELLIUS MOORE,**<br>Plaintiff,<br><br>vs.<br><br>**CBE GROUP, INC.; and DOES 1 through 10, inclusive,**<br>Defendant. | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for statutory damages brought by Plaintiff, Kennellius Moore, an individual consumer, against Defendant, CBE Group, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

### III. PARTIES

3. Plaintiff, Kennellius Moore, is a natural person with a permanent residence in Johnson City, Washington County, Tennessee 37615.

4. Upon information and belief, the Defendant, CBE Group, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1309 Technology Park, Cedar Falls, Black Hawk County, Iowa 50613. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## *IV. FACTUAL ALLEGATIONS*

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On or about August 22, 2012, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff's wife, "If your husband doesn't make a payment, the government gave us the power to wage garnish him and take his taxes."

8. On or about August 22, 2012, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff's wife, "It doesn't matter if you ask for a hearing, the garnishment will still go through, this will not stop the garnishment from happening."

2

9. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.
10. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.
11. The representations made to Plaintiff by Defendant regarding garnishment were false.
12. Defendant has no standing to commence legal proceedings on behalf of the creditor.
13. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.
14. The representations made to Plaintiff by Defendant regarding legal proceedings were false.
15. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for the non-payment of the debt he allegedly owed.
16. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

### V. CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (b) Defendant violated *§1692e(1)* of the FDCPA by giving the false representation or implication that the Defendant is vouched for, bonded by, or affiliated with the United States or any State; and

   (c) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

   (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

///
///
///

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, CBE Group, Inc., for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

D. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Kennellius Moore, demands trial by jury in this action.

DATED: February 14, 2013

RESPECTFULLY SUBMITTED,

By: /s/Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Tel: 323-988-2400 x267
Fax: 866-929-2434
shireen@hormozdilaw.com
*Counsel for Plaintiff,*
*Kennellius Moore*
